UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF WISCONSIN

DOC NC
REC'D/FILED

2020 JUL -1 PM 3:19

CLERK US L:ST COURT
WD OF WI

EDWIN BONTRAGER          :
E4027 PEARSON RD.        :
La VALLE, WI             :
                         :
        Plaintiff        :
                         :          CIVIL ACTION
                         :       20  CV  611  JDP
    v.                   :    NO._____
                         :
SAUK COUNTY REGISTER of DEEDS :
BRENT BAILEY             :
SAUK COUNTY'S CORPORATION COUNSEL :
IDENTITY TO THE PARTIES TO WHOM ARE  :      JURY TRIAL DEMANDED
PRESENTLY UNKNOWN TO THE PLAINTIFF :

        Defendants

## COMPLAINT

Plaintiff, Edwin Bontrager Pro Se, brings this action to obtain redress for the deprivation and

conspiracy to deprive Plaintiff of his federally protected rights and for intentional infliction of a

constrictive fraud, causing emotional distress.

## JURISDICTION

1. This Court has subject matter jurisdiction pursuant to (a) 28 U.S.C. 1331, because the case

arises under the Constitution and the laws of the United States; (b) 28 U.S.C. 1343, because this action

seeks redress and damages for violations of 42 U.S.C. 1983 and 1985 and in particular, the due process

and equal protection provisions of the United States Constitution, including the rights protected in the

Fifth and Fourteenth Amendments thereof.

## VENUE

2. Venue is appropriate in this judicial district under 28 U.S.C. I391 (b) in claims arising from

violations of federal constitutional rights guaranteed in the Fifth and Fourteenth Amendments to the

Constitution.    Inter Alia.                                                          1.

PARTIES

3. Plaintiff, Edwin Bontrager a citizen of the United States, residing in LaValle, Wisconsin.

4. Defendants are employees of Sauk County Baraboo, in the State of Wisconsin, and the Sauk County's Corporation Counsel for the Register of Deeds, acting in their ministerial and individual capacities did conspire to interfere with and violate the Plaintiff's rights and privileges, and did violate the property rights of the Plaintiff without due process of the law in conflict with the laws of the Constitution of the United States, and the laws of the State of Wisconsin, the names of which are unknown to the Plaintiff, but never the less accountable for their actions and non-actions in violating of the Fifth and Fourteenth Amendments of the United States Constitution.

5. The Plaintiff claims the rights of substantive due process which limits the conduct of the state which protects the Plaintiff from arbitrary and irrational state actions which abridge these fundamental rights so as to, shock the conscience of the court, and thus violate the due process clause under Title 42 U.S.Code Section 1983 allowing action against municipal county and state bureaucrats.

6. As a prerequisite to the demand for a jury trial, required and necessary, as a antecedent condition, the Plaintiff in this case, request the immediate attention of the court to enforce all provisions set forth in the above, and to remove the unlawful liens recorded in the Sauk County Register of Deeds real estate index in violation of the due process clause.

FACTS AND HISTORTY OF THE CASE

7. The Plaintiff brings this cause of action based on facts of the case, supported with attached documents as evidence.

8. FACT, the Department of the Treasury Internal Revenue Service, did file a Notice of Federal Tax Lien with the Register of Deeds, 505 Broadway West Square Baraboo, WI 53913 dated May 14th, 2013.

9. FACT, that on April 19th 2008, the Department of the Treasury Internal Revenue Service

2.

received certified mail challenging any assessed tax liability based on status.   (EMPHASIS ADDED).

10.   FACT, that on June 11, 2013 the Defendant's received a copy of the documents sent to the I.R.S. challenging the assessment of the tax liability.

11.   FACT, Plaintiff received a letter of response dated July 18, 2013 from the Defendant, the letter states the following.   "I received your document and assumed it was your intent to have it recorded in the county real estate records. I submitted your document, Complaint Affidavit and Declaration to the Sauk County's Corporation Counsel, and their opinion is the document is not suitable to record in the Register of Deeds real estate index. As such, I am returning  the document".

12.   FACT, It is my opinion that the document is vital as evidence in support that there is no lawful lien imposed on my property, and that the opinion made by the Sauk County's Corporation Counsel resulted in a violation of due process, and that the issues relevant to the lien had been  challenged. Based on the evidence provided to the TREASURY INSPECTOR GENERAL, the INTERNAL REVENUE SERVICE, and the SAUK COUNTY REGISTER OF DEEDS, clearly states that a challenge has been made as invalid by the Plaintiff. A letter dated Jan 28, 2020 requesting a response to a letter dated Jan 2, 2020 to Sauk County Register of Deeds, did not respond.

13.   FACT, The U.S. JUSTICE DEPARTMENT TAX DIVISION CRIMINAL TAX MANUAL clearly states, It has been held that once challenged as invalid, the certificate of assessment, no longer remains valid based on the presumption of prima facie evidence. It is also stated in BLACK'S LAW DICTIONARY, that the presumption of law is rebuttable. "Once evidence tending to rebut the presumption is introduced, the force of the presumption is entirely dissipated and the party with the burden of proof must come forward with evidence to avoid a directed verdict." It also states, "The better rule is that once evidence tending to rebut the presumption is introduced, the presumption loses all its force." It can't be any plainer than that.

14.   FACT, The Plaintiff has made a good faith effort to resolve this issue with the I.R.S., the Treasury Inspector General, and the Sauk County Register of Deeds, and their Corporation Counsel.  3.

Therefore, the lack of cooperation can only be attributed to bad faith and fraud. The matter has been considered and decided by the court, the court went on to say, that the federal courts are there to protect taxpayers from an overreaching I.R.S. and that no one, can be compelled to turn over personal or private property from an overreaching I.R.S., and that the I.R.S. must go through the federal courts, before force can be applied absent a federal court order.

15. Those of Sauk County have been informed and are well aware of these facts, but have chosen not to respond as well as, the Treasury Inspector General or the I.R.S., and therefore based on the evidence it would be obvious to a jury the Defendants acted of bad faith and fraud.    (Inter Alia).

16. Sauk County Register of Deeds, and its Corporation Counsel have been notified in the event the lien is not removed this matter would be brought before the U.S. District Court to restore all rights, and property rights due the Plaintiff for the outrageous and malicious conduct committed by the Defendants.

17. The Rules of Civil Procedure state that the attachments become part of the complaint for all purposes. The attachments are considered more specific than the paragraphs of the complaint, and where they are in consistent the attachments govern.

## CONDITIONAL RELIEF REQUESTED

Wherefore, Plaintiff requests the following relief:

That the parties named as Defendants in this cause of action remove any and all liens imposed on the property belonging to the Plaintiff Edwin Bontrager, the evidence is overwhelming that the decisions rendered by the Defendants knowingly, violated the due process rights of the Plaintiff. The presented attachments are proof of the Plaintiffs cause. The Plaintiff has made every attempt to resolve this issue with the Treasury Inspector General , and the I.R.S. without success for obvious reasons. Therefore I request the Defendants in their capacities contact the I.R.S. and address this matter. As a citizen of Wisconsin I believe this is a reasonable request. Or, the Plaintiff will bring additional cause against the

4.

the Defendants for participating in a constructive fraud amoung other things, implicating the Treasury Inspector General and the I.R.S. for their actions and non-actions in this case.

Edwin Bontrager
E4027 Pearson Rd.
LaValle, WI 53941
608-985-7179

Sincerely Yours,

_____
Without Prejudice

## LIST OF ATTACHMENTS OF SUPPORTING EVIDENCE
Highlighted for convenience and emphasis

Letter Dated   06/13/2013  Sauk County Register of Deeds ( with evidence )  ( returned )

Letter Dated  11/12/2016 Treasury Inspector General

Letter Dated  01/18/2017  Sauk County

Letter Dated  12/28/2019  Sauk County

Cover  Handbook for Special Agents
        323.4 Judical Notice
        323.5 Presumptions
Black's Law Dictionary
        Effect of Presumption
        Presumption of Law
        Rebuttable Presumptions

U.S. Department of Justice Criminal Tax Manual
        Section 8.05 [ 1]

U.S. Court of Appeals    ( Court orders required )

Notice of Federal Tax Lien

Letter Dated  06/26/2013 from Department of Treasury

Letter Dated 07/18/2013 from Sauk County ( not recorded )

Postal receipts

5.