IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDWIN BONTRAGER,

                Plaintiff,

v.

SAUK COUNTRY REGISTER OF DEEDS, BRENT
BAILEY, and SAUK COUNTY CORPORATION
COUNSEL,

                Defendant.

OPINION and ORDER

20-cv-611-jdp

---

The Internal Revenue Service recorded a tax lien in against the Sauk County property of pro se plaintiff Edwin Bontrager. Bontrager tried to record a document objecting to the lien, but the register of deeds refused to record it. Now, Bontrager is suing the register of deeds and the corporation counsel, alleging that they violated Bontrager's rights under the Constitution and Wisconsin law. Defendants move to dismiss the complaint. Dkt. 7.

Defendants make a good case that Bontrager's case is meritless, but I don't have to reach the merits because Bontrager's complaint is clearly untimely. The tax lien was recorded in May 2013, and defendants refused to record Bontrager's document in July 2013. The applicable statutes of limitations are in Wis. Stat. § 893.53. *See Ruh v. Samerjan,* 816 F. Supp. 1326 (E.D. Wis. 1993), aff'd, 32 F.3d 570 (7th Cir. 1994) (statute of limitations for § 1983 actions arising in Wisconsin is Wis. Stat. § 893.53). For the constitutional claims, the limitations period is three years under current law; but it was six years before the statute was amended in 2018. For the state-law claims the limitations period is three years. Plaintiff didn't file his suit until July 20, 2020, more than seven years after his cause of action accrued. So even if the longer limitations period applies, Bontrager's case is too late. I will not give

Bontrager an opportunity to amend his complaint, because no amendment could cure this problem.

ORDER

IT IS ORDERED that defendants' motion to dismiss, Dkt. 7, is GRANTED. Plaintiff Edwin Bontrager's case is DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

Entered November 9, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge